UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DERIC NELSON,

                Petitioner,

  -against-                              **MEMORANDUM AND ORDER**
                                                      14-CV-3414 (KAM)
KENNETH P. THOMPSON, District Attorney's
Office of New York City; DORA B. SCHRIRO,
Commissioner of Corrections Department of New
York City; and THOMAS HALL, Warden of Otis
Bantum Correctional Center,

                Respondents.
------------------------------------------------------------------x
MATSUMOTO, United States District Judge.

        On May 30, 2014, Margo Nelson, proceeding *pro se*, filed a petition for a writ of habeas corpus (the "petition") on behalf of her son, Deric Nelson ("petitioner"), who is currently detained at the Anna M. Cross Center on Rikers Island. (ECF No. 1, Petition for Writ of Habeas Corpus dated 5/29/14 and received 5/30/14 ("Pet.").) The $5 filing fee was paid. For the reasons set forth below, the petition is dismissed without prejudice.

## BACKGROUND

        At the time the instant petition was filed, petitioner was in pre-trial detention on a pending criminal case in the State of New York, Kings County, under indictment and docket number 00046-2010, charging him with attempted grand larceny in the first degree, offering a false instrument for filing in the first degree, and falsifying business records in the first degree. *See* http://iapps.courts.state.ny.us/webcrim_ attorney, Case Number 00046-2010 (last visited 7/8/14). Petitioner, or his family members, have previously filed, and the court has previously dismissed, three prior petitions challenging his pre-trial detention on the same indictment in *Nelson v. Hynes, et al.*, No. 12-CV-4913 (KAM), *Nelson v. Hynes, et al.*, No. 13-CV-3447

(KAM), and *Nelson v. Hynes, et al.*, No. 14-CV-603 (KAM). The three prior petitions were each dismissed for failure to exhaust state court remedies. *Nelson v. Hynes*, No. 12-CV-4913 (KAM), 2013 WL 182793, at *1 (E.D.N.Y. Jan. 17, 2013); *Nelson v. Hynes, et al.*, No. 13-CV-3447 (KAM), 2013 WL 5502901 (E.D.N.Y. Oct. 2, 2013); *Nelson v. Hynes, et al.*, No. 14-CV-603 (KAM), 2014 WL 652419 (E.D.N.Y. Feb. 19, 2014). Petitioner has also filed two civil actions against his former attorneys in the pending criminal proceeding, *Nelson v. Brown*, 13-CV-3446 (KAM), and *Nelson v. Stella*, 13-CV-6812 (KAM). The two civil actions remain pending in this court. The history of petitioner's arrest and pending prosecution was summarized in this court's January 17, 2013, Order in No. 12-CV-4913 (KAM). *See Nelson*, 2013 WL 182793, at *1.

The instant petition appears to renew petitioner's challenge to his custody and pending prosecution in the 00046-2010 indictment. It purports to be filed "pursuant to the provisions of 28 U.S.C. § 2241 - 2255," and under 42 U.S.C. §§ 1981, 1983 and 1985. (*See* Pet., preliminary statement and ¶¶ 7, 21-30, 47.) It states that "petitioner brings this action on the grounds of the violation of his rights afforded to him by New York State Constitution Articles 1 § 11, and 12, in conjunction with United States Constitution Bill Of Rights 1st, 4th, 5th, 6th, 8th, and 14th Amendments, 15 U.S.C. § 77aaa through § 77bbbb, Title 42 Section 1981, 1983, and 1985." (Pet. ¶ 7.) The only specific request for relief "seeks that justice be served by way of a fair hearing and the production of the body of the petitioner before the court." (Pet., preliminary statement.)

The civil rights claims include the allegation that petitioner was denied the right to *Mapp/Dunaway*, *Huntley*, *Miranda*, *Clayton*, and *Sandoval* hearings and other alleged rights in the pending criminal prosecution. (Pet. ¶¶ 9-12.) The petition also states: "[b]ased upon the

2

petitioner being an African American male[,] the respondents have violated his right not to be forced into contracts with parties who may have a different religious belief and further have used classes of citizenship to bar him from asserting contractual agreements that may protect his interest." (Pet. ¶ 21.) The petition asserts that the "respondents have used race and religious diversity to subject the petitioner to cruel and unusual punishment as retaliation for his pleading his rights were violated via various writs submitted to the court on his behalf." (Pet. ¶ 25.) The petition further alleges that petitioner was required to undergo competency examinations pursuant to New York Criminal Procedure Law § 730, and that he was sent to Mid Hudson Psychiatric Center and Kirby Psychiatric Center. (Pet. ¶¶ 26-29.) In addition to demanding petitioner's liberty, the petition also appears to seek the release of a seized "security interest" located at 467-469 Vanderbilt Ave. in Brooklyn, New York. (Pet. ¶ 11.)

The petition also includes an alleged cause of action pursuant to the Trust Indenture Act of 1939, codified at 15 U.S.C. § 77aaa through § 77bbbb. (Pet. ¶¶ 13-20.) The petition mentions "mortgage backed securities fraud," false filings with the Internal Revenue Service and the Securities and Exchange Commission, and a "fraudulent bond transaction." (Pet. ¶¶ 14, 16, 20.) It states: "Based on the Indentured Trust Act of 1939 [*sic*] the petitioners [*sic*] had an equitable liability if they believed the petitioner was guilty of the charges to honor a Motion to a Federal Jurisdiction and or contact a higher Federal Authority of potential acts of fraud being committed against the I.R.S." (Pet. ¶ 18.)

The petition states that "petitioner exhausted his State remedy in the form a conflict of interest amongst the People of the State of New York in regards to these matters and

the denial of a petition for Writ of Habeus [*sic*] Corpus filed in SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF KINGS; CRIMINAL TERM; PART." (Pet. ¶ 6.)

The petition also avers that "Margo Nelson, the natural mother of the petitioner has been granted the right by way of the petitioner before a Notary to be the Attorney in fact." (Pet. ¶ 37.) Among the voluminous exhibits attached to the petition is a partial New York Statutory Short Form for appointing Power of Attorney, which includes the signatures of Margo Nelson and Burley Nelson, but no signature by Deric Nelson. (Pet. at 121-23.)

## DISCUSSION

### I. <u>Application by Petitioner's Mother</u>

As in petitioner's prior petitions, the nature of the claims and desired relief is unclear. In any case, whether the instant submission is intended as a motion for writ of habeas corpus, "pursuant to the provisions of 28 U.S.C. § 2241 - 2255," or as a civil action, pursuant to 42 U.S.C. §§ 1981, 1983 and 1985, Margo Nelson may not file it on behalf of her son. A habeas corpus petition may be brought either "by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. When the motion is brought by a person other than the prisoner, that "next friend" must demonstrate that he or she has standing to act on the prisoner's behalf. "First a 'next friend' must provide an adequate explanation–such as inaccessibility, mental incompetence, or other disability–why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990) (internal citations omitted).

4

The requirement that the "next friend" act in the prisoner's best interests is critical: because the opportunity to seek habeas corpus relief is limited, the "next friend," in aiding the prisoner, may also be exhausting the prisoner's rights. Accordingly, "[t]he burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164.

In this case, Margo Nelson fails to demonstrate that Deric Nelson is incapable of asserting his own rights. Indeed, Deric Nelson recently filed a similar petition apparently signed by him, which suggests that he is perfectly capable of asserting his own rights in this matter. *See Nelson v. Hynes*, No. 14-CV-603 (KAM). Under these circumstances, the court finds that Margo Nelson has not met her burden to appear as "next friend," and therefore lacks standing to bring a habeas petition on behalf of petitioner.

Nor can Margo Nelson file a civil action on her son's behalf. A non-attorney appearing *pro se* may not represent another *pro se* litigant in a civil action. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause"); *see also Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010).

## II.     Exhaustion

Even if Margo Nelson had standing to file a habeas petition as "next friend" to Deric Nelson, the petition would be dismissed in any case, because petitioner has failed to first exhaust the remedies available through state court procedures. As this court has previously explained to petitioner on multiple occasions, petitioner must "present the federal constitutional claim asserted in the petition to the highest state court (after preserving it as required by state law

5

in lower courts) and inform that court (and lower courts) about both the factual and legal bases for the federal claim." *Nelson*, 2014 WL 652419, at *3 (quoting *Ramirez v. Att'y Gen. of State of N.Y.*, 280 F.3d 87, 94 (2d Cir. 2001) (internal quotation marks and deletions omitted)). A petitioner who has not exhausted available state court remedies may only seek a writ of habeas corpus if: "(1) he establishes cause for his failure to exhaust and prejudice as a result of the alleged violation of federal law . . . or (2) he demonstrates that the failure to consider his claims will result in a fundamental miscarriage of justice." *Robinson v. Sposato*, No. 11-CV-191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012) (citing *Coleman v. Thompson,* 501 U.S. 722, 750 (1991)). In the three prior petitions, the court found that petitioner had failed to fully exhaust the procedures available in state court and dismissed them without prejudice. *Nelson*, 2013 WL 182793; *Nelson*, 2013 WL 5502901; *Nelson*, 2014 WL 652419.

The instant petition asserts that petitioner has exhausted his state remedies, through the alleged denial of a habeas corpus petition in the criminal part of the Kings County Court. (Pet. ¶ 6.) However, petitioner has not established that he presented his federal constitutional claims to the highest state court, and he still has an open avenue for doing so, through the pending criminal prosecution and the possibility of subsequent appellate review. He has also failed to establish any cause for his failure to exhaust his state court remedies or any prejudice resulting from the alleged violation of his federal constitutional rights. Accordingly, this petition, were it properly filed, would also be dismissed without prejudice.

### III. Other Claims

The instant submission alleges violations of petitioner's constitutional rights under 42 U.S.C. §§ 1981, 1983 and 1985. Even if petitioner were to bring these claims as a civil

6

action and on his own behalf, these claims would be dismissed. To the extent that the petition demands certain pre-trial hearings in petitioner's criminal case or challenges the competency evaluations and determinations made by the state court, these claims are precluded by *Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* abstention doctrine, federal courts may not interfere with pending state court criminal prosecutions, absent some extraordinary circumstance such as bad faith prosecution, patently unconstitutional laws, or the lack of an adequate process in state court for protecting the rights of the accused. *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). The Second Circuit has held that "*Younger* abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." *Hansel v. Springfield*, 56 F.3d 391, 393 (2d Cir. 1995), *cert. denied*, 516 U.S. 1012 (1995).

Here, the criminal case against petitioner is still pending, New York has an important state interest in enforcing its criminal laws, and petitioner is free to raise his constitutional claims in the pending criminal proceedings. Accordingly, to the extent that petitioner asks this court to interfere in the state criminal proceedings, all of these claims are dismissed pursuant to *Younger*.

Finally, the petition asserts a cause of action under 15 U.S.C. § 77aaa through § 77bbbb, which are the statutory provisions of the Trust Indenture Act of 1939 ("TIA"). Although the TIA creates a federal civil cause of action for misleading statements filed with the Securities and Exchange Commission, the instant petition, like a previous petition asserting this same claim, does not assert any basis for such a claim. *See Nelson*, 2013 WL 5502901, at *5. The TIA also provides for criminal penalties and criminal prosecutions to be brought in federal

7

district court. 15 U.S.C. §§ 77vvv(b). Whether petitioner could also be subject to federal criminal prosecution under the TIA is not relevant to his ongoing prosecution under New York State's criminal laws. Even if petitioner had brought his claims on his own behalf, the instant submission has not asserted a valid civil claim pursuant to the TIA, and accordingly, these claims are dismissed.

## CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus is dismissed without prejudice. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c)(2). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully requested to enter judgment, serve a copy of this Memorandum and Order on petitioner, and note service on the docket.

Dated: Brooklyn, New York
      August 7, 2014

                                                           /s/
                                        **KIYO A. MATSUMOTO**
                                        United States District Judge
                                        Eastern District of New York